IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAL A. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-00284-JPG |
| ) | |
| JOHN E. FRANKE, ) | |
| KIMBERLY DUNN, ) | |
| and DAVID EBRAHIM, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jamal Harris filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his pretrial detention at Alton City Jail ("Jail").[1] Plaintiff claims he was denied adequate medical care following surgery for an infection near his brain. (Doc. 1, pp. 1-13). He was also exposed to cold living conditions and denied access to legal materials necessary to prepare a defense in his federal criminal case. (*Id*.). He asserts constitutional claims against Dr. David Ebrahim, in his individual and official capacities, and Captain John Franke and Officer Kimberly Dunn, in their official capacities. (*Id*.). Plaintiff includes no request for relief in the Complaint, but he filed a "Motion to be Transferred" on March 28, 2022.[2] (*See* Doc. 18). Therefore, the Court will take up this matter without delay.

---

[1] Plaintiff originally filed this lawsuit in the United States District Court for the Eastern District of Missouri on January 24, 2022. *Harris v. Frank, et al*., Case No. 22-cv-00088 (E.D. Mo.). The case was transferred to this District on February 18, 2022. (*See* Doc. 4).
[2] Plaintiff filed an unsigned Motion to be Transferred (*see* Doc. 11) on March 10, 2022, which he replaced with a signed copy on March 28, 2022 (*see* Doc. 18). The unsigned version at Doc. 11 shall be **STRICKEN**, and the Court will address the signed version at Doc. 18 herein.

1

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  *See* 28 U.S.C. § 1915A(b).

## **The Complaint**

Plaintiff sets forth the below allegations in the Complaint (Doc. 1, pp. 7-9):  Following his transfer to the Jail on August 17, 2021, Plaintiff informed members of the medical staff about his recent surgery to address an infection that developed near his brain.  (*Id*. at 7).  Plaintiff explained that his doctor made an incision above his right eyebrow that revealed a hole in his skull, less than one centimeter from his brain, caused by an infection.  This discovery prompted his surgery and his doctor's recommendation that Plaintiff undergo a CT scan twice yearly to check for signs of reinfection.  Plaintiff expressed concerns about the risk of further infection and death.  Even so, Dr. Ebrahim never ordered a CT scan.  (*Id*.).

Plaintiff submitted a sick call slip to request a CT scan in writing.  (*Id*. at 7-8).  He implored medical staff to review his medical records to better understand the basis for his request.  He offered to sign a release for medical records.  Still, Dr. Ebrahim, Captain Franke, and Officer Dunn refused to take his medical needs seriously.  (*Id*.).

Plaintiff filed a grievance with Captain Franke.  (*Id*. at 8).  In it, Plaintiff described the history of his medical condition and his recent surgery.  Plaintiff added that he was once again suffering from headaches like the ones that prompted his treatment for the original infection.  He was still denied a CT scan.  (*Id*.).

Plaintiff's headaches worsened.  He tried to speak with Captain Franke about them, but the captain refused to speak with him.  When Plaintiff again requested medical care in writing, Officer Dunn intercepted his written request and took no action on it.  He asked her to give his request to a supervisor, but he received no response.  (*Id*.).

As temperatures plummeted outside in the winter of 2021-22, the Jail's improper ventilation caused inside temperatures to drop as well.  Plaintiff complained, but Officer Dunn told him that only maintenance had access to the thermostat.  Plaintiff filed grievances to address the cold temperatures, but he received no response.  (*Id*.).

Plaintiff also lacked access to legal materials necessary to prepare a defense in his federal criminal case.  (*Id*. at 9).  At the time, Plaintiff was in the process of firing his criminal defense attorney.  He wanted to conduct his own legal research on the charges pending against him, but the Jail had no federal law books in its library.  Consequently, Plaintiff was unable to research the charges or prepare his own defense.  (*Id*.).

Finally, Plaintiff complains of unspecified threats of retaliation by unidentified individuals for filing complaints and grievances regarding the above issues.  (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate the following enumerated counts in this *pro se* action:

**Count 1:**   Fourteenth Amendment due process claim against Defendants for denying Plaintiff adequate post-operative medical care for an infection near his brain, including twice-yearly CT scans, during his pretrial detention at the Jail beginning August 17, 2021.

**Count 2:**   Fourteenth Amendment due process claim against Defendant Dunn for subjecting Plaintiff to frigid indoor temperatures at the Jail in the winter.

  **Count 3:**  Sixth and/or Fourteenth Amendment claim for Plaintiff's lack of access to a law library with legal materials necessary to defend against pending federal criminal charges.

  **Count 4:**  Fourteenth Amendment due process claim against Defendants for mishandling Plaintiff's grievances and complaints about the conditions of his confinement.

  **Count 5:**  First Amendment retaliation claim arising from unspecified threats against Plaintiff for filing grievances and complaints about the conditions of his confinement.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

### Count 1

Plaintiff's claim for the denial of post-operative medical care during his pretrial detention is controlled by the Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County f Lake*, 900 F.3d 335 (7th Cir. 2018). The claim involves two inquiries. The Court first considers whether "the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The Court also asks "whether the challenged conduct was objectively reasonable" based on "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care." *Id*. The allegations suggest that each defendant responded in an objectively unreasonable manner when denying Plaintiff's request for post-operative care at the Jail. Count 1 shall therefore receive further review.

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

This claim can only proceed against one defendant in an individual capacity, *i.e.*, Dr. Ebrahim.  This is because the doctor is the only defendant who is generally named in an individual and official capacity; Captain Franke and Officer Dunn are explicitly named in their official capacities only.  Accordingly, Count 1 shall proceed against Dr. Ebrahim in his individual capacity.

This claim need only proceed against one official capacity defendant.[4]  Typically, official capacity claims for injunctive relief proceed against the high-ranking official responsible for implementing any injunctive relief that is ordered.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  Of the three named defendants, Captain Franke is the most appropriate official to carry out any injunctive relief ordered herein.  Count 1 shall proceed against Captain Frank, in his official capacity.  This claim shall be dismissed without prejudice against all other defendants.

The Court notes that the Complaint contains no request for relief, such as monetary or injunctive relief, and also finds that this omission is not fatal to the Complaint at screening.  *See Godfrey v. Easton*, 702 F.3d 469, 471 (7th Cir. 2017) ("[F]ailure to specify the relief to which he was entitled would not warrant dismissal."); *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (citing FED. R. CIV. P. 54(c)) (prevailing party may obtain any relief to which he is entitled "even if he has not demanded such relief in [his] pleadings").  *See also* FED. R. CIV. P. 8(e)(1) (no technical form of motions or pleadings required); FED. R. CIV. P. 8(f) (all pleadings shall be construed to do substantial justice).  Therefore, Count 1 shall receive further review despite Plaintiff's omission of a request for relief against the defendants.

---

[4] It is worth noting that Plaintiff makes no attempt to bring a *Monell*-type claim against the municipality by naming any defendants in their official capacities for a policy, custom, or practice that caused a constitutional violation to occur.  *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (Where a plaintiff sues an individual defendant in his official capacity for a government entity, the "entity's policy or custom must have played a part in the violation of federal law.") (internal quotations omitted).

**Count 2**

The allegations set forth in support of Count 2 for unconstitutional conditions of confinement are threadbare. Plaintiff complains of cold temperatures inside the Jail. However, he offers no indication of the scope or duration of this problem. He provides no estimate of how cold it actually was inside the Jail, where the cold temperatures were a problem (*e.g.*, cells, dining hall, common areas, bathrooms, *etc*.), how long the cold temperatures lasted (*e.g.*, hours, days, weeks, or months), or the availability of items used to ameliorate the problem (*e.g.*, warm bedding, blankets, and clothing). Plaintiff's allegations do not articulate a plausible claim for unconstitutional conditions of confinement that amount to punishment in violation of the Fourteenth Amendment Due Process Clause. *See Twombly*, 550 U.S. at 570 (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"). Accordingly, Count 2 shall be dismissed without prejudice.

**Count 3**

When analyzing claims based on the denial of court access, the court considers two factors. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the plaintiff must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828). Second, the plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268.

The allegations satisfy neither factor. As for the first factor, Plaintiff names no defendants in connection with any denial of assistance in research or access to the law library. Plaintiff instead complains about his criminal defense attorney, who represented him during the relevant time period and presumably had access to these materials. Even if he "fired" his attorney and proceeded *pro se* in his criminal case, Plaintiff would not be entitled to demand unfettered access to a law library or particular library materials. *See Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987) (finding that an offer to appoint counsel in a criminal case satisfied state's obligation to provide legal assistance and prisoner had no right to demand law library access in the alternative) (citing *United States ex rel. George v. Lane*, 718 F.2d 226, 227, 233 (7th Cir. 1983) ("[N]o constitutional right exists mandating that the prisoner in the alternative be provided access to a law library should he choose to refuse the services of court-appointed counsel."). As for the second factor, Plaintiff points to no detriment he suffered from his lack of access to the law library or legal materials. He cites no legal claims or defenses that were lost as a result. Having failed to establish either factor necessary to proceed on this claim, Count 3 shall be dismissed without prejudice against all defendants.

**Count 4**

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, this claim shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Count 5**

A First Amendment retaliation claim requires the plaintiff to demonstrate that: (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendant's actions. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). Plaintiff baldly asserts that he suffered retaliation for filing this suit and related grievances. However, he does not name any defendants in connection with acts of retaliation in the Complaint, and he has not set forth sufficient allegations to nudge this retaliation claim from the realm of "possible" to "plausible." *Twombly*, 550 U.S. at 570. Count 5 shall therefore be dismissed without prejudice against all defendants.

**<u>Motion to be Transferred</u>**

Against this backdrop, Plaintiff requests an immediate transfer to avoid retaliation from staff for filing grievances and complaints. (Doc. 18). In the motion, Plaintiff cites "continuous" harassment by staff at the Jail and cites the following examples:

- Plaintiff's outgoing mail "went missing," and he experienced a six-day delay in receiving his incoming mail in February 2022.

- Officer Dunn targeted him for a shakedown. In the process, she tossed his bedding on the floor. When he complained, she told him to "just wash it."

- When he attempted to prepare his *in forma pauperis* application, Plaintiff had to wait all morning for Officer McCrory to take it from him on March 1, 2022. Lieutenant Mike O'Neill then waited another 2½ days to complete the trust fund certification.

- Plaintiff's tablet was not recharged when he turned it in for that purpose several times.

- When Plaintiff recently asked to review important documents and video footage pertaining to his criminal case, correctional staff ignored his requests for access to his USB and laptop and disregarded his related complaints and grievances.

Based on these allegedly retaliatory acts, Plaintiff seeks a transfer to another facility. (Doc. 18).

The Court construes the motion as one for preliminary injunctive relief and denies the same. *See* FED. R. CIV. P. 65(b). When presented with a request for interim relief, the Court must determine whether the plaintiff has demonstrated that (1) he will suffer irreparable harm if he does not obtain the requested relief; (2) traditional legal remedies are inadequate; and (3) he has some likelihood of prevailing on the merits of his claim. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If Plaintiff makes this showing, the court must balance the harm to Plaintiff caused by denying the preliminary injunction with the harm to Defendants caused by granting relief. *Mays v. Dart*, 974 F.3d at 818. The court takes a "sliding scale" approach when balancing these harms; the more likely the plaintiff is to win on the merits, the less the balance of harm needs to weigh in his favor. *Id.* (citing *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

Count 1, the only claim that survives screening, is a Fourteenth Amendment due process claim against Dr. Ebrahim, in his individual capacity, and Captain Franke, in his official capacity, arising from the denial of adequate post-operative medical care at the Jail. The motion fails to address any retaliation by the defendants who are named in Count 1 and seeks no preliminary injunctive relief pertaining to that claim. Preliminary injunctive relief is appropriate only if it is of the same character sought in the underlying suit. *See Oswald v. Dep't of Corr.*, 17-CV-1437-PP, 2018 WL 4623583, at *2 (E.D. Wis. Sept. 26, 2018) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Neuroscience, Inc. v. Forrest*, No. 12-cv-813-bbc, 2013 WL 6331346, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside scope of complaint)). Given that his request for a transfer is unrelated to his denial of medical care (and request for twice-yearly CT scans) involved in Count 1, the motion is **DENIED**.

However, the denial is without prejudice, and Plaintiff may renew his request for interim injunctive relief by filing a Rule 65 motion for temporary restraining order and/or preliminary injunction. He may do so at any time it becomes necessary during the pending action. In the motion, Plaintiff should state exactly what relief he seeks and set forth each of the facts that support his request.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows:

- **COUNT 1** shall proceed against **DAVID EBRAHIM**, in his individual capacity, and **JOHN FRANKE**, in his official capacity (for purposes of implementing injunctive relief, if requested).

- **COUNT 1** is **DISMISSED** without prejudice against **JOHN FRANKE** and **KIMBERLY DUNN**, in their individual capacities, and against **KIMBERLY DUNN** and **DAVID EBRAHIM**, in their official capacities, because the Complaint fails to state a claim for relief against them.

- **COUNTS 2, 3,** and **5** are **DISMISSED** without prejudice and **COUNT 4** is **DISMISSED** with prejudice against **ALL DEFENDANTS** because the Complaint fails to state a claim upon which relief may be granted against them.

Defendants **DAVID EBRAHIM** and **JOHN FRANKE** are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Because this suit addresses one or more medical claims, the Clerk's Office is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act. The Clerk's Office is also **DIRECTED** to **TERMINATE** Defendant **KIMBERLY DUNN** as a party in CM/ECF and **STRIKE** the Motion to be Transferred (Doc. 11).

**IT IS ORDERED** that the Motion to be Transferred (Doc. 18) is **DENIED**.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **DAVID EBRAHIM** (individual capacity only) and **JOHN FRANKE** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/6/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**